1  CANDACE C. CARLYON (Nev. State Bar No. 002666)
   CLARK HILL PLLC
2  3800 Howard Hughes Parkway, Suite 500
   Las Vegas, NV 89169
3  Telephone: 702-862-8300
   Facsimile: 702-862-8400
4  Email: CCARLYON@CLARKHILL.COM

5  JOHN-PATRICK M. FRITZ (Admitted *Pro Hac Vice*)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
6  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
7  Telephone: (310) 229-1234
8  Facsimile: (310) 229-1244
   Email: JPF@LNBYB.COM
9

10 *Counsel for Chapter 11 Debtors and Debtors in Possession*

11 DAWN M. CICA, ESQ.
12 Nevada Bar 4565
   MUSHKIN • CICA • COPPEDGE
13 4495 S. Pecos Rd.
   Las Vegas, Nevada 89121
14 Telephone: (702) 386-3999
   Fax: (702) 869-2669
15 Email: dcica@mccnvlaw.com

16 *Counsel for One Hit Wonder Holdings, LLC*

17                    **UNITED STATES BANKRUPTCY COURT**
                            **DISTRICT OF NEVADA**
18

| | |
|---|---|
| In re | ) Lead Case No. 18-11598-abl |
| STEAM DISTRIBUTION, LLC, | ) Chapter 11 |
| _____ | ) Jointly Administered With: |
| ☐ Affects STEAM DISTRIBUTION, LLC, Only | ) 18-11599-abl   HAVZ, LLC dba STEAM WHOLESALE |
| | ) 18-11600-abl   ONE HIT WONDER, INC. |
| ☐ Affects HAVZ, LLC dba STEAM WHOLESALE Only | ) Plan Confirmation Hearing: |
| ☐ Affects ONE HIT WONDER, INC. Only | ) HEARING DATE: February 27, 2019 |
| | ) HEARING TIME: 1:30 p.m. |
| ☒ Affects All Debtors | ) LOCATION:   300 Las Vegas Blvd. South |
| | )                     Las Vegas, NV 89101 |
| _____ | )                     Courtroom 1, Third Floor |

**NOTICE OF (PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING  DEBTORS' AND ONE HIT WONDER HOLDINGS, LLC'S FIRST AMENDED JOINT PLAN OF REORGANIZATION WITH SUBSTANTIVE CONSOLIDATION FOR PLAN PURPOSES (DATED DECEMBER 17, 2018)**

**PLEASE TAKE NOTICE** that Steam Distribution, LLC, Havz, LLC, and One Hit Wonder, Inc. (collectively, the "Debtors"), debtors and debtors in possession in the above-captioned, jointly administered chapter 11 bankruptcy cases, and their affiliate, One Hit Wonder Holdings, LLC ("OHW Holdings" and with the Debtors, collectively, the "Plan Proponents") hereby submits the attached [Proposed] Findings Of Fact And Conclusions Of Law In Support Of Order Confirming  Debtors' And One Hit Wonder Holdings, LLC's First Amended Joint Plan Of Reorganization With Substantive Consolidation For Plan Purposes (Dated December 17, 2018).

Dated:  February 20, 2019

           **LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.**

               /s/ John-Patrick M. Fritz
John-Patrick M. Fritz, Esq.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
JPF@LNBYB.COM
*Counsel for Debtors and Debtors in Possession*

-and-

**CLARK HILL PLLC**
Candace C. Carlyon (Nev. Bar No. 002666)
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:  702-862-8300
Facsimile:   702-862-8400
CCARLYON@CLARKHILL.COM

*Counsel for Debtors and Debtors in Possession*

-and-

**MUSHKIN•CICA•COPPEDGE**
Dawn M. Cica (Nev. Bar No. 004565)

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4495 S. Pecos Rd.
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Fax: (702) 869-2669
Email: dcica@mccnvlaw.com

*Counsel for One Hit Wonder Holdings, LLC*

CANDACE C. CARLYON (Nev. State Bar No. 002666)
CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:  702-862-8300
Facsimile:   702-862-8400
Email: CCARLYON@CLARKHILL.COM

JOHN-PATRICK M. FRITZ (Admitted *Pro Hac Vice*)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: JPF@LNBYB.COM
*Counsel for Chapter 11 Debtors and Debtors in Possession*

DAWN M. CICA, ESQ. (Nevada Bar 4565)
MUSHKIN • CICA • COPPEDGE
4495 S. Pecos Rd.
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Fax: (702) 869-2669
Email: dcica@mccnvlaw.com
*Counsel for One Hit Wonder Holdings, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re | ) | Lead Case No. 18-11598-abl |
|---|---|---|
| STEAM DISTRIBUTION, LLC, | ) ) ) | Chapter 11<br>Jointly Administered With:<br>  18-11599-abl   Havz, LLC dba Steam Wholesale<br>  18-11600-abl   One Hit Wonder, Inc. |
| ☐  Affects STEAM DISTRIBUTION, LLC, Only<br>☐  Affects HAVZ, LLC dba STEAM WHOLESALE Only<br>☐  Affects ONE HIT WONDER, INC. Only<br>☒  Affects All Debtors | ) ) ) ) ) ) ) ) ) | **Plan Confirmation Hearing**:<br>HEARING DATE: February 27, 2019<br>HEARING TIME:  1:30 p.m.<br>LOCATION:  300 Las Vegas Blvd. South<br>          Las Vegas, NV 89101<br>          Courtroom 1, Third Floor |

1

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTORS' AND ONE HIT WONDER HOLDINGS, LLC'S FIRST AMENDED JOINT PLAN OF REORGANIZATION WITH SUBSTANTIVE CONSOLIDATION FOR PLAN PURPOSES (DATED DECEMBER 17, 2018)**

At the above-captioned date, time, and location, the Honorable August B. Landis, United States Bankruptcy Judge for the District of Nevada (the "Court"), held a hearing (the "Hearing") to consider confirmation of the *Debtors' and One Hit Wonder Holdings, LLC's First Amended Joint Plan of Reorganization with Substantive Consolidation for Plan Purposes (Dated December 17, 2018)* (the "Plan") [ECF 261][1] filed by Steam Distribution, LLC, Havz, LLC, and One Hit Wonder, Inc. (collectively, the "Debtors"), debtors and debtors in possession in the above-captioned, jointly administered chapter 11 bankruptcy cases, and One Hit Wonder Holdings, LLC ("OHW Holdings" and with the Debtors, collectively, the "Plan Proponents"). Appearances were made as set forth on the record of the Court at the Hearing.

In support of the filed Plan, the Plan Proponents submitted the Plan, the *Disclosure Statement Describing Debtors' and One Hit Wonder Holdings, LLC's First Amended Joint Plan of Reorganization with Substantive Consolidation for Plan Purposes (Dated December 17, 2018)* (the "Disclosure Statement") [ECF 262],[2] the *Plan Proponents' Brief in Support of Confirmation of Debtors' and One Hit Wonder Holdings, LLC's First Amended Joint Plan of Reorganization with Substantive Consolidation for Plan Purposes (Dated December 17, 2018)* (the "Confirmation Brief") [ECF 264],[3] the declaration of Robert Hackett (the "Hackett Declaration") [ECF 265],[4] the *Plan Proponents' Notice of Executory Contracts and Unexpired Leases to Be Assumed or Previously Assumed* (the "365 Notice") [ECF 304],[5] the *Plan Proponents' Supplemental Brief in Support of Confirmation of Debtors' and One Hit Wonder Holdings, LLC's First Amended Joint Plan of Reorganization with Substantive Consolidation for Plan Purposes (Dated December 17,*

---

[1] The corresponding document in the chapter 11 case of One Hit Wonder Holdings, LLC ("OHW Holdings"), case number 18-11290 (the "OHW Holdings Case") is ECF 71.

[2] The corresponding document in the OHW Holdings Case is ECF 72.

[3] The corresponding document in the OHW Holdings Case is ECF 74.

[4] The corresponding document in the OHW Holdings Case is ECF 75.

[5] There is no corresponding document in the OHW Holdings Case.

2

*2018)* (the "Supplement Brief") [ECF ___],[6] the declaration of John-Patrick M. Fritz, Esq. (the "Fritz Declaration") [ECF ___],[7] and the Plan Ballot Summary (the "Ballot Summary") attached as Exhibit "1" to the Fritz Declaration.

The Court considered the following documents and evidence in conjunction with making the findings of fact and conclusions of law set forth below with respect to confirmation of the Plan and the statements of counsel made orally on the record at the Hearing: (i) the Plan and the Plan filed in the OHW Holdings Case, (ii) the Disclosure Statement and the Disclosure Statement filed in the OHW Holdings Case, (iii) the Confirmation Brief and the Confirmation Brief filed in the OHW Holdings Case, (iv) the Hackett Declaration and the Hackett Declaration filed in the OHW Holdings Case, (v) the Supplemental Brief and the Supplemental Brief filed in the OHW Holdings Case, (vi) the Fritz Declaration and Fritz Declaration filed in the OHW Holdings Case, with the Ballot Summary attached as an exhibit thereto, (vii) the 365 Notice, (viii) the *Notice of: (I) Confirmation Hearing on Debtors' and One Hit Wonder Holdings, LLC's First Amended Joint Plan of Reorganization with Substantive Consolidation for Plan Purposes (Dated December 17, 2018); (II) Deadline for Voting; and (III) Deadlines for Filing Briefs* (the "Notice") [ECF 263][8] and the Notice filed in the OHW Holdings Case; (ix) the record in the Plan Proponents' cases; and (x) the dockets in the Plan Proponents' cases. Upon consideration of the foregoing, the Court has made the Court's Findings of Facts and Conclusions of Law in Support of the Court's Order Debtors' and One Hit Wonder Holdings, LLC's First Amended Joint Plan of Reorganization with Substantive Consolidation for Plan Purposes (Dated December 17, 2018) (the "Findings and Conclusions") signed concurrently herewith.

Upon consideration of the foregoing, and good cause appearing, the Court hereby makes, pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "FRCP") as made applicable by Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "FRBP" or "Bankruptcy Rules"), the following Findings of Fact and Conclusions of Law with respect to confirmation of the Plan:

---

[6] The corresponding document in the OHW Holdings Case is ECF ___.
[7] The corresponding document in the OHW Holdings Case is ECF ___.
[8] The corresponding document in the OHW Holdings Case is ECF 73.

A. *Jurisdiction; Venue; Core Proceeding*. This Court has jurisdiction over the Plan Proponents' Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), over which this Court has exclusive jurisdiction.

B. *Judicial Notice*. This Court takes judicial notice of the docket of the Plan Proponents' Chapter 11 Cases maintained by the Clerk of the Court including, without limitation, all pleadings and other documents filed with, all orders entered by, and all evidence and argument made, proffered or adduced at the hearings held before this Court during the pendency of the Chapter 11 Cases.

C. *Transmittal and Mailing of Solicitation Materials and Notices*. Service of the Plan, Disclosure Statement, Notice and other solicitation materials was appropriate and sufficient. Appropriate and sufficient notice of the Hearing and the other deadlines and matters was given in compliance with 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and the Bankruptcy Rules, and no other or further notice is or shall be required.

D. *Adequacy of Solicitation Procedures*. All procedures used to distribute the solicitation materials to the appropriate creditors entitled to vote on the Plan and to tabulate the ballots returned by creditors were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the order entered by this Court approving the Disclosure Statement as containing adequate information under Section 1125(b) of the Bankruptcy Code and setting forth the solicitation procedures to be followed by the Plan Proponents as set forth in the Court's *Order: (1) Approving Disclosure Statement Describing Debtors' and One Hit Wonder Holdings, LLC's First Amended Joint Plan of Reorganization With Substantive Consolidation for Plan Purposes (Dated December 17, 2018); (2) Setting Hearing to Consider Confirmation of Debtors' and One Hit Wonder Holdings, LLC's First Amended Joint Plan of Reorganization with Substantive Consolidation for Plan Purposes (Dated December 17, 2018); and (3) Setting Deadlines for Voting and for Filing Briefs* (the "Disclosure Statement Order") [ECF 258]. Votes for acceptance or rejection of the Plan were solicited and cast in good faith, and only after transmittal of a disclosure statement containing adequate

information, and otherwise in compliance with 11 U.S.C. §§ 1125 and 1126 and Bankruptcy Rules 3017 and 3018.

      E.      *Good Faith Solicitation - 11 U.S.C. § 1125(e)*.  The Plan Proponents and their advisors, attorneys, professionals, officers, directors, members, and affiliates of the foregoing (but solely in their respective capacities as such), have acted in good faith within the meaning of Sections 1125(e) and 1129(a)(3) of the Bankruptcy Code, and in compliance with all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order, in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and, to the extent applicable, the exculpation and injunction provisions set forth in Sections II.B.10 and II.B.11 of the Plan.

      F.      *Impaired Classes that Have Voted to Accept or Reject the Plan*.  Classes 2, 3, and 4 are each impaired under and entitled to vote on the Plan.  As set forth in the Ballot Summary, Classes 2, 3, and 4 each voted unanimously to accept the Plan.

      G.      *Classes Deemed to Accept Plan*.  With respect to classes of claims against the Plan Proponents, Class 1 is unimpaired under the Plan.  Pursuant to Section 1126(f) of the Bankruptcy Code, holder of the Class 1 claim is conclusively presumed to have accepted the Plan.  With respect to classes of interests in the Plan Proponents, Class 5 is unimpaired under the Plan.  Pursuant to Section 1126(f) of the Bankruptcy Code, holders of the Class 5 interests are conclusively presumed to have accepted the Plan.

      H.      *Compromises and Settlements Embodied in Plan*.  The Plan represents a compromise and settlement agreed to between the Debtors and AOP Ventures, Inc., and other parties in interest, as to a number of issues in dispute.  In the absence of the compromises and settlements reached by the parties and embodied in the Plan, the Plan Proponents' emergence from Chapter 11 would be significantly delayed by time-consuming and expensive litigation, the outcome of which is uncertain and in any event could impair the ability of the Plan Proponents to successfully reorganize and prejudice the recovery rights of all creditors.  The terms and provisions of the Plan that reflect the compromises and settlements do not discriminate unfairly,

and are fair and equitable and within the bounds of reasonableness, with respect to each class of claims treated under the Plan.

I. *Releases, Discharge, Exculpations and Injunctions*. Each of the release, discharge, exculpation, and injunction provisions set forth in the Plan: (i) is within the jurisdiction of this Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (ii) is an essential means of implementing the Plan pursuant to 11 U.S.C. § 1123(a)(5); (iii) is an integral element of the transactions incorporated into the Plan; (iv) confers material benefits on, and is in the best interests of, the Plan Proponents, their estates, and their creditors; (v) is important to the overall objectives of the Plan to finally resolve all claims among or against the key parties in interest in the Plan Proponents' Chapter 11 Cases; and (vi) is consistent with Sections 105, 524, 1123, 1129, and 1141 of the Bankruptcy Code, and all other applicable provisions of the Bankruptcy Code. The record of the Hearing and the Chapter 11 Cases is sufficient to support the release, discharge, exculpation, and injunction provisions contained in the Plan.

J. *Plan Compliance with Bankruptcy Code - 11 U.S.C. § 1129(a)(1)*. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

1. *Proper Classification - 11 U.S.C. §§ 1122, 1123(a)(1)*. Aside from administrative claims and priority tax claims, which need not be classified, the Plan designates 4 classes of claims against the Plan Proponents and 1 class of interests in the Plan Proponents. The claims and interests placed in each class, where applicable, are substantially similar to other claims and interests in each such class. Valid business, factual and legal reasons exist for separately classifying the various classes of claims created under the Plan, and such classes do not unfairly discriminate among holders of claims. Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2. *Specify Unimpaired Classes - 11 U.S.C. § 1123(a)(2)*. Section II.A.2 of the Plan specifies that Classes 1 and 5 are unimpaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code.

3. *Specify Treatment of Impaired Classes - 11 U.S.C. § 1123(a)(3)*. Section II.A.2 of the Plan specifies that classes 2, 3, and 4 are impaired as well as the treatment of claims in those classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

4. *No Discrimination - 11 U.S.C. § 1123(a)(4)*. The Plan provides for the same treatment by the Plan Proponents for each claim in each respective class unless the holder of a particular claim has agreed to a less favorable treatment of such claim, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

5. *Implementation of Plan - 11 U.S.C. § 1123(a)(5)*. Section II.B of the Plan appropriately sets forth the means of implementation and execution of the Plan.

6. *Non-Voting Equity Securities - 11 U.S.C. § 1123(a)(6)*. Section I of the Plan provides that the Reorganized Debtors will sign any reasonable documentation required by law necessary to confirm and consummate the Plan, and Section II.A.2 of the Plan maintains the 50/50 equity split between Robert Hackett and Nikolaos Voudouris, consistent with their co-equal officer, director, managing member roles, as reflected in Section II.B.3 of the Plan. Accordingly, the Plan complies with Section 1123(a)(6) of the Bankruptcy by providing for the inclusion in the charter of a corporate debtor a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among classes.

7. *Selection of Officers and Directors - 11 U.S.C. § 1123(a)(7)*. There is no provision of the Plan that is contrary to the best interests of creditors and equity holders or public policy with respect to the manner of selection of any officer, director or trustee. Accordingly, the requirements of Section 1123(a)(7) of the Bankruptcy Code are satisfied.

8. *Post-petition Earnings of an Individual Debtor Necessary for Execution of the Plan – 11 U.S.C. § 1123(a)(8)*. This subsection does not apply in these Chapter 11 Cases because the Plan Proponents are not individuals.

9. *Additional Plan Provisions - 11 U.S.C. § 1123(b)*. The Plan's additional provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

10. *Compliance with Fed. R. Bankr. P. 3016*. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with this Court satisfies Bankruptcy Rule 3016(b). Further, the Plan and Disclosure Statement describe in specific and conspicuous language all acts to be enjoined and identify the entities that are subject to the injunction, satisfying Bankruptcy Rule 3016(c) to the extent applicable.

11. *Compliance with Fed. R. Bankr. P. 3017*. The Plan Proponents have given appropriate and sufficient notice of the Hearing in accordance with Bankruptcy Rule 3017(d). The solicitation materials prescribed by the Disclosure Statement Order were transmitted to creditors entitled to vote on the Plan in accordance with Bankruptcy Rule 3017(d).

12. *Compliance with Fed. R. Bankr. P. 3018*. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Sections 1125 and 1126 of the Bankruptcy Code, thereby satisfying the requirements of Bankruptcy Rule 3018.

K. *Compliance with Bankruptcy Code - 11 U.S.C. § 1129(a)(2)*. The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code.

L. *Plan Proposed in Good Faith - 11 U.S.C. § 1129(a)(3)*. The Plan Proponents proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan. Here, the Plan Proponents filed the Plan in good faith, after extensive negotiations with its largest and most adversarial creditor, AOP Ventures, Inc. The Plan Proponents

8

negotiated the terms of the Plan with creditors in good faith, at arms' length, and with separate and experienced counsel of their own choosing.

M. *Payments for Services or Costs and Expenses - 11 U.S.C. § 1129(a)(4)*. All payments made or to be made by the Plan Proponents or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

N. *Directors, Officers and Insiders - 11 U.S.C. § 1129(a)(5)*. The Plan complies with Section 1129(a)(5) of the Bankruptcy Code because Section II.B.3 of the Plan discloses the identity and affiliation of the individuals proposed to serve after confirmation of the Plan as directors, officers, and managers of the Reorganized Debtors.

O. *No Rate Changes - 11 U.S.C. § 1129(a)(6)*. There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Plan Proponents and no rate change provided for in the Plan requiring approval of any such commission. Therefore, Section 1129(a)(6) of the Bankruptcy Code is not applicable.

P. *Best Interests of Creditors - 11 U.S.C. § 1129(a)(7)*. The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code since, with respect to each impaired class, each holder of a claim in such class has either (i) accepted the Plan, or (ii) will receive or retain under the Plan on account of such claim property of a value, as of the Plan's effective date (the "Effective Date" or "Plan Effective Date"), that is not less than the amount such holder would receive or retain if the Plan Proponents were liquidated under Chapter 7 of the Bankruptcy Code.

Q. *Acceptance or Rejection by Certain Classes - 11 U.S.C. § 1129(a)(8)*. Class 1 is a class of unimpaired claims that is conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code. Class 5 is a class of unimpaired interests that is conclusively presumed to have accepted the Plan under Section 1126(f) of the Bankruptcy Code. Classes 2, 3, and 4 are impaired classes of claims, and each class has unanimously voted to accept the Plan. Therefore, Section 1129(a)(8) of the Bankruptcy Code has been satisfied as to Classes 1, 2, 3, 4, and 5.

R. *Treatment of Administrative, Priority and Tax Claims -- 11 U.S.C. § 1129(a)(9)*. There will be sufficient Funds and cash on the Effective Date to pay all allowed administrative claims in full (or as otherwise agreed to by the holders of such allowed administrative claims). There are no holders of claims under Section 507(a)(3), (4), (5), (6), or (7) of the Bankruptcy Code in these Chapter 11 Cases. Holders of allowed priority tax claims under Section 507(a)(8) will received deferred cash payments, over a period not exceeding five (5) years after the Petition Date, of a total value equal to the allowed amounts of such priority tax claims, in a manner not less favorable than the most favored non-priority general unsecured claim provided for by the Plan. Based upon the foregoing, the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

S. *Acceptance by Impaired Class - 11 U.S.C. § 1129(a)(10)*. Classes 2, 3, and 4 are classes of impaired claims entitled to vote and have voted to accept the Plan in accordance with Section 1126(e) of the Bankruptcy Code. The voting creditors in Classes 2 and 3 do not contain insiders whose votes have been counted. The voting creditors in Class 4 do contain insiders, but after excluding such insiders, the non-insiders in Class 4 whose votes have been counted voted unanimously to accept the Plan. Therefore, the requirement of Section 1129(a)(10) of the Bankruptcy Code that at least one class of claims against the Plan Proponents that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, has been satisfied. The requirement of Section 1129(a)(10) is applied on a per-plan basis and has been satisfied with respect to each and all of the Plan Proponents and their Cases by satisfaction per their one joint Plan.

T. *Feasibility - 11 U.S.C. § 1129(a)(11)*. The Reorganized Debtors will have enough cash on hand on the Effective Date to pay all the claims that are entitled to be paid on such date. The transactions described in the Plan and the Disclosure Statement will generate sufficient funds to pay all classes of claims in accordance with the terms of the Plan. Based upon the foregoing, the Court finds that the Reorganized Debtors have satisfied the requirements of Section 1129(a)(11) of the Bankruptcy Code.

U. *Payment of Fees - 11 U.S.C. § 1129(a)(12)*. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid

1 on the Effective Date pursuant to Section II.A.1 of the Plan, thus satisfying the requirements of Section 1129(a)(12) of the Bankruptcy Code.

V. *Continuation of Retiree Benefits - 11 U.S.C. § 1129(a)(13)*. This provision is inapplicable to this Chapter 11 Case as there are no retiree benefits required to be paid under the Plan.

W. *Payment of Domestic Support Obligations- 11 U.S.C. § 1129(a)(14)*. Section 1129(a)(14) does not apply to this Chapter 11 Case because the Reorganized Debtors are not individuals and not required to pay a domestic support obligation by a judicial or administrative order or by statute.

X. *Distribution to Creditor Who Objects to the Plan – 11 U.S.C. § 1129(a)(15)*. Section 1129(a)(15) does not apply to the Plan because the Plan Proponents are not individuals.

Y. *Transfers of Property – 11 U.S.C. § 1129(a)(16)*. Section 1129(a)(16) of the Bankruptcy Code does not apply to these Chapter 11 Cases because the Plan Proponents are not non-profit corporations.

Z. *Non-Application of 11 U.S.C. § 1129(b)*. Section 1129(b) does not apply to the Plan because all impaired classes under the Plan voted to accept the Plan.

AA. *Only One Plan - 11 U.S.C. § 1129(c)*. Other than the Plan (including previous versions thereof), no other plan has been filed in these Chapter 11 Cases. Accordingly, the requirements of Section 1129(c) of the Bankruptcy Code have been satisfied.

BB. *Principal Purpose - 11 U.S.C. § 1129(d)*. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933. The Plan therefore satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

CC. *No Objection to Disposition of Contracts and Leases*. No party to an executory contract or unexpired lease to be assumed by the Reorganized Debtors pursuant to the Plan or rejected by the Plan Proponents pursuant to the Plan has objected to the assumption or rejection thereof. There are no defaults or cure amounts required to be paid by the Plan Proponents under 11 U.S.C. § 365(b) for the Plan Proponents to assume their executory contracts and unexpired leases with counter-parties: (i) DBSYNC, (ii) Salescorce.com, and (iii) G&J Voudouris Trust.

DD. *No Liquidation*. Because the Plan does not provide for the liquidation of all or substantially all of the property of the estates, Section 1141(d)(3) of the Bankruptcy Code is not applicable.

EE. *No Non-dischargeable Debt Under 11 U.S.C. § 1141(d)(6)*. Because the Plan Proponents do not owe a debt of a kind specified in 11 U.S.C. §§ 523(a)(2)(A) or 523(a)(2)(B) or for a tax or customs duty made as a fraudulent return or willfully attempted in any manner to evade or defeat such tax or customs duty, Section 1141(d)(6) of the Bankruptcy Code is not applicable.

FF. *Substantive Consolidation*. Creditors dealt with the entities as a single economic unit and did not rely on their separate identities when extending credit. Particularly, the Debtors' largest creditor AOP, which has an allowed general unsecured claim against each of the Debtors in the amount of $16 million, holds the largest claim in the estates, and accounts for approximately 90% of all general unsecured debt across the estates and approximately 75% of the all debt (unsecured, secured, administrative, or otherwise) across the estates; thus, the lion's share of the estates' aggregate debt is on a single-entity basis. Moreover, because of the integrated nature of the Plan Proponents' manufacturing, sales, and distribution model, trade vendors would treat and look to the Plan Proponents' business as a whole as being a single entity basis. For example, Havz, LLC does business under the "dba" of "Steam Wholesale," akin to the company name of "Steam Distribution, LLC," and they manufacture and sell a well-known product of the Plan Proponents known as "One Hit Wonder," which is the namesake of the debtor affiliates "One Hit Wonder, Inc." and "One Hit Wonder Holdings, LLC." Furthermore, secured creditors Mini-Gadgets and Neely have both issued secured loans to the Debtors secured by liens on all of the Debtors' assets. Substantive consolidation is somewhat akin to alter ego, and, here, while the Plan Proponents assert have neither ignored corporate formalities nor held themselves out as being liable for each other's debts, they all have the same equity ownership, they have the same management, the same offices, and their businesses are run as one joint enterprise with so much reliance among them that each could be undercapitalized without the others.

GG. *Burden of Proof*. The Plan Proponents, as the proponents of the Plan, have met their burden of proving the elements of Sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

HH. *Satisfaction of Confirmation Requirements*. The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

Submitted by:

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

By: /s/ John-Patrick M. Fritz
John-Patrick M. Fritz, Esq.
Eve H. Karasik, Esq.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
JPF@LNBYB.COM; EHK@LNBYB.COM

-and-

**CLARK HILL PLLC**
Candace C. Carlyon (Nev. Bar No. 002666)
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: 702-862-8300
Facsimile: 702-862-8400
CCARLYON@CLARKHILL.COM

*Counsel for Debtors and Debtors in Possession*

13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify* **NOTICE OF (PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTORS' AND ONE HIT WONDER HOLDINGS, LLC'S FIRST AMENDED JOINT PLAN OF REORGANIZATION WITH SUBSTANTIVE CONSOLIDATION FOR PLAN PURPOSES (DATED DECEMBER 17, 2018)**) will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 20, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 20, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| US Trustee- LV-11<br>300 Las Vegas Blvd., Suite 4300<br>Las Vegas, NV 89101-5803 | Securities and Exchange Commission<br>Atth: Bankruptcy Counsel<br>444 South Flower St., Suite 900<br>Los Angeles, CA 90071-5951 |
|---|---|

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 20, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

    The Honorable August B. Landis
        U.S. Bankruptcy Court
        District of Nevada
        Foley Federal Building
        300 Las Vegas Boulevard South, Courtroom 1 (3rd Floor)
        Las Vegas, NV 89101

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2019, | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**18-11598-abl Notice will be electronically mailed to:**

RYAN A. ANDERSEN on behalf of Creditor AOP VENTURES, INC.
ryan@vegaslawfirm.legal, tatiana@vegaslawfirm.legal;ecf-df8b00a4597e@ecf.pacerpro.com;notices@nextchapterbk.com

CANDACE C CARLYON on behalf of Attorney CLARK HILL PLLC
ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-1221@ecf.pacerpro.com

CANDACE C CARLYON on behalf of Debtor HAVZ, LLC
ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-1221@ecf.pacerpro.com

CANDACE C CARLYON on behalf of Debtor ONE HIT WONDER, INC.
ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-1221@ecf.pacerpro.com

CANDACE C CARLYON on behalf of Debtor STEAM DISTRIBUTION, LLC
ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-1221@ecf.pacerpro.com

CANDACE C CARLYON on behalf of Jnt Admin Debtor HAVZ, LLC
ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-1221@ecf.pacerpro.com

CANDACE C CARLYON on behalf of Jnt Admin Debtor ONE HIT WONDER, INC.
ccarlyon@clarkhill.com, CRobertson@clarkhill.com;nrodriguez@clarkhill.com;clark-hill-1221@ecf.pacerpro.com

SCOTT D. FLEMING on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
sfleming@klnevada.com, mbarnes@klnevada.com;bankruptcy@klnevada.com

JOHN-PATRICK M. FRITZ on behalf of Debtor HAVZ, LLC
JPF@LNBYB.COM

JOHN-PATRICK M. FRITZ on behalf of Debtor ONE HIT WONDER, INC.
JPF@LNBYB.COM

JOHN-PATRICK M. FRITZ on behalf of Debtor STEAM DISTRIBUTION, LLC
JPF@LNBYB.COM

JOHN-PATRICK M. FRITZ on behalf of Jnt Admin Debtor HAVZ, LLC
JPF@LNBYB.COM

JOHN-PATRICK M. FRITZ on behalf of Jnt Admin Debtor ONE HIT WONDER, INC.
JPF@LNBYB.COM

EVE H KARASIK on behalf of Debtor HAVZ, LLC
ehk@lnbyb.com

EVE H KARASIK on behalf of Debtor ONE HIT WONDER, INC.
ehk@lnbyb.com

1. EVE H KARASIK on behalf of Debtor STEAM DISTRIBUTION, LLC
   ehk@lnbyb.com

2. 

3. BART K. LARSEN on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
   blarsen@klnevada.com,

4. bankruptcy@klnevada.com;mbarnes@klnevada.com;blarsen@ecf.inforuptcy.com

5. EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
   edward.m.mcdonald@usdoj.gov

6. 

7. TRACY M. O'STEEN on behalf of Debtor STEAM DISTRIBUTION, LLC
   tosteen@clarkhill.com, crobertson@clarkhill.com;nrodriguez@clarkhill.com;ccarlyon@clarkhill.com

8. JAMES PATRICK SHEA on behalf of Creditor Committee THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

9. jshea@klnevada.com, mbarnes@klnevada.com;bankruptcy@klnevada.com

10. U.S. TRUSTEE - LV - 11
    USTPRegion17.lv.ecf@usdoj.gov